(117 So. 3)

## YOUNG v. STATE. (4 Div. 436.)

Court of Appeals of Alabama. May 15, 1928.

Simmons & Simmons, of Opp, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. The appellant, being in the custody of the sheriff and confined in the county jail of Covington county, complained by petition for writ of habeas corpus that he is being thus held without authority of law. The petition was directed to the Honorable H. J. Brogden, judge of probate, and in response to the writ the sheriff produced the

prisoner as therein directed, and answered said writ by admitting that he held the petitioner as alleged, and stated that such detention was under and by authority of two warrants of arrest—one issued by one R. Cornell, a notary public and ex officio justice of the peace of Tuscaloosa county, said warrant being directed: "To Any Lawful Officer of Said County." The other warrant appears to have been issued by one P. B. Shaw, a justice of the peace of Barbour county, Ala., and directed: "To Any Lawful Officer of Said County." The petitioner strenuously insists that the affidavits and warrants aforesaid are void upon their face, and shows no authority of law to justify his detention by said sheriff.

From the proceedings before us, we need not discuss the insistence as to the process aforesaid being void for uncertainty, or that no offense is therein charged, as it affirmatively appears the purported warrants afford no authority to the sheriff of Covington county, Ala., for the arrest or detention of the petitioner.

There is a constitutional provision to the effect that no person shall be accused, or arrested, or detained, except in cases ascertained by law, and according to the form which the same has prescribed.

Section 3272 of the Code 1923, provides that, when a warrant of arrest is issued by a judge of the Supreme Court, or Court of Appeals, or circuit court, or by a judge of any court of record, such warrant may be executed in any county in this state. The same section also provides, however, if said warrant is issued by any other magistrate, it can only be executed in the county in which it was issued, unless the defendant is in another county; and, when the defendant is in another county, it may be executed therein, but only upon a written indorsement on the warrant by a magistrate of that county signed by him, and giving authority that the warrant may be executed in said county. Section 3274 prohibits such magistrate from making said indorsement unless such magistrate is satisfied from his own knowledge, or from oral or written statement, on oath, of some credible persons, proving the handwriting of the magistrate issuing the warrant.

The warrants here in question bear no such indorsement of any magistrate in Covington county, Ala.; therefore it affirmatively appears that the arrest of the petitioner thereunder was without proper authority of law, and that his subsequent restraint by incarceration in the county jail is illegal. Such order should have been entered by the court below. The failure so to do is error. An order is here entered discharging the prisoner from further custody in these proceedings.

Reversed and rendered.